| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br><br>DENISE CARLON, ESQUIRE<br>KML LAW GROUP, P.C.<br>701 Market Street, Suite 5000<br>Philadelphia, PA 19106<br>215-627-1322<br>dcarlon@kmllawgroup.com<br>Attorneys for Secured Creditor:<br>U.S. Bank Trust Company, National Association, as Trustee, as successor-in-interest to U.S. Bank National Association, successor trustee to LaSalle Bank National Association, on behalf of the holders of Bear Stearns Asset Backed Securities I Trust 2006-HE6, Asset-Backed Certificates Series 2006-HE6 | **Order Filed on February 13, 2025<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey** |
| In Re:<br>Seth Dunn a/k/a Seth Thomas Patrick Dun<br>Debtor | Case No.: 24-22337 VFP<br><br>Hearing Date: 2/20/2025 @ 8:30 a.m.<br><br>Judge: Vincent F. Papalia |

# ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through two (2) is hereby **ORDERED**

**DATED: February 13, 2025**

_____
**Honorable Vincent F. Papalia
United States Bankruptcy Judge**

Page 2
Debtor:      Seth Dunn a/k/a Seth Thomas Patrick Dun
Case No.:    24-22337 VFP
Caption:     **ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN**

This matter having been brought before the Court by KML Law Group, P.C., attorneys for Secured Creditor, U.S. Bank Trust Company, National Association, as Trustee, as successor-in-interest to U.S. Bank National Association, successor trustee to LaSalle Bank National Association, on behalf of the holders of Bear Stearns Asset Backed Securities I Trust 2006-HE6, Asset-Backed Certificates Series 2006-HE6, holder of a mortgage on real property located at 22 Beech Road, Sparta, NJ, 07871, Denise Carlon appearing, by way of objection to the confirmation of Debtor's Chapter 13 Plan, and this Court having considered the representations of attorneys for Secured Creditor and Scott D. Sherman, Esquire, attorney for Debtor, and for good cause having been shown;

It **ORDERED, ADJUDGED and DECREED** that Debtor is to obtain a loan modification by 4/30/2025, or as may be extended by an application to extend the loss mitigation period; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Debtor is to make post-petition payments in accordance with the terms of the loss mitigation order while the loss mitigation period is active; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that the Trustee will pay the arrears per the plan while the loan modification is pending; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor does not waive its rights to the pre-petition arrears or the difference between the regular post-petition payment and the loss mitigation payment, or any other post-petition arrears that may accrue; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that if the loan modification is not successful, Debtor shall modify the plan to otherwise address Secured Creditor's claim; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor's objection to confirmation is hereby resolved.